**David DUDLEY, Plaintiff**

v.

**HANNAFORD BROS. CO., Defendant**

**No. 01–CV–41BS.**

United States District Court,
D. Maine.

July 10, 2001.

Peter M. Rice, Tracie L. Adamson, Lipman & Katz P.A., Augusta, ME, for David Dudley, Plaintiff.

Lawrence C. Winger, Portland, ME, for Hannaford Bros. Co., Defendant.

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

SINGAL, District Judge.

Before the Court is Defendant's Motion to Dismiss pursuant to Rule 12(b)(6) (Docket # 6) and Plaintiff's Motion to Amend the Complaint (Docket # 12). Based on the following discussion, the Court DENIES Defendant's Motion to Dismiss and GRANTS Plaintiff's Motion to Amend the Complaint.

### I. MOTION TO AMEND THE COMPLAINT

Not only has Plaintiff moved for leave to amend the Complaint in a timely and non-prejudicial manner, but also Defendant has specified that it has no objection to the Motion. Therefore, the Court herein grants Plaintiff's Motion to Amend the Complaint. When analyzing Defendant's Motion to Dismiss, the Court relies on the Amended Complaint (Docket # 12, Attach.).

### II. MOTION TO DISMISS

Plaintiff requests that the Court convert Defendant's Motion to Dismiss into a summary judgment motion pursuant to Rule 12(b). (*See* Pl. Resp. Br. at 2 n. 1 (Docket # 9).) The Court declines to treat the Motion as a Rule 56 motion, and does not

consider any of the affidavits or other filings when making the following analysis pursuant to Rule 12(b)(6).

## A. Standard of Review

Generally, a court may dismiss a claim under Rule 12(b)(6) only if it clearly appears that, on the facts alleged in the complaint, the plaintiff cannot recover on any viable theory. *See Gonzalez–Morales v. Hernandez–Arencibia,* 221 F.3d 45, 48 (1st Cir.2000). When considering a motion to dismiss, a court must accept as true all of a plaintiff's well-pleaded factual averments and indulge every reasonable inference in the plaintiff's favor. *See Correa–Martinez v. Arrillaga–Belendez,* 903 F.2d 49, 52 (1st Cir.1990). Applying this standard, the Court lays out the facts of the case below.

## B. Background

Plaintiff David Dudley was in an automobile accident in 1993, injuring him and leaving him with "substantial physical and/or mental disabilities." (Pl. 2nd Am. Compl. ¶ 4 (Docket # 12).) On the evening of February 27, 1999, Dudley entered a grocery store named "Shop 'n Save" in Gardiner, Maine. Defendant Hannaford Bros. Co. owns this Shop 'n Save store, as well as several other Shop 'n Save stores. While in the Gardiner Shop 'n Save, Dudley decided to buy an alcoholic beverage, specifically a four-pack of wine coolers. When Dudley approached the check-out counter to purchase the alcohol, the cashier refused to tender the sale, ostensibly because she believed Dudley was intoxicated.

According to Dudley, he had not ingested alcohol previously that day and he did not have alcohol on his breath. When the cashier refused to sell him the drinks, Dudley demanded to speak with the store's manager. When the manager appeared, Dudley tried to explain to him that he was not drunk, rather that he was disabled in such a way that it made him appear to be intoxicated. In an effort to try to convince the manager, Dudley pointed out that he had parked his car in a handicapped parking space. Nonetheless, the store manager would not relent, and Dudley left the store without the wine coolers.

Subsequently, Dudley has returned to Shop 'n Save stores on a number of occasions to purchase groceries and to pay telephone bills, but since February 27, 1999 he has not tried to purchase alcohol because of what happened that day, even though he would like to purchase alcohol. Furthermore, Plaintiff alleges that Shop 'n Save has not altered any of its policies or practices regarding the sale of alcoholic beverages to disabled persons.

## C. Discussion

Count I of Plaintiff's Complaint states that Defendant intentionally discriminated against him by denying him equal access to a place of public accommodation on the basis of his disability, in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. 12101 *et seq.,* and that Plaintiff is entitled to injunctive relief, fees, costs and interest. Count II claims that Defendant violated the Maine Human Rights Act ("MHRA"), 5 M.R.S.A. § 4551 *et seq.,* and seeks civil penal damages, injunctive relief, fees, costs and interest.

### 1. Americans with Disabilities Act

Plaintiff argues that he is a person with a disability pursuant to 42 U.S.C. § 12102(2), that Defendant operates a place a of public accommodation as defined by 42 U.S.C. § 12181(7), and that Defendant has discriminated against him by not selling him alcoholic beverages based on his disability. *See* 42 U.S.C. § 12182(a) ("No individual shall be discriminated

against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.")

### a. Language of the ADA

■ The ADA creates a private right of action for "any person who is being subjected to discrimination on the basis of disability in violation of this title." 42 U.S.C. § 12188(a)(1). Defendant argues that Plaintiff presently is not "being subjected to discrimination" because he attempted to purchase alcohol on only one occasion two years ago. Plaintiff, however, alleges that since refusing to sell the wine coolers, "Defendant has not changed, altered or amended any of its policies or practices regarding the sale of alcohol beverages to people with disabilities." (Pl. Am. Complaint ¶ 11 (Docket #12, Attach.).) Defendant argues that this averment fails to overcome its Motion to Dismiss because even though Defendant may continue to refuse to sell alcohol to persons with certain disabilities, that cannot affect Plaintiff because he has not attempted to purchase alcohol from Shop n' Save recently.

The same section of the ADA that creates a private right of action, however, explicitly states that "[n]othing in this section shall require a person with a disability to engage in a futile gesture if such person has actual notice that a person or organization covered by this title does not intend to comply with its provisions." 42 U.S.C. § 12188(a)(1). Indulging every reasonable inference in Plaintiff's favor, the events of February 27, 1999 placed him on actual notice that Defendant would not sell alcohol to him because of his disability. Accepting as true the allegation that Defen-

dant has not revised its policies, to insist that Plaintiff repeatedly attempt to purchase alcohol from Defendant would amount to asking him to engage in futile gestures. As the statute states, Plaintiff is not required to act in vain as a prerequisite to filing suit.

### b. Standing

■ Defendant fashions a second argument, quite similar to its interpretation of the language of section 12188 of the ADA, that Plaintiff's action fails for lack of standing. A number of ADA cases have addressed the standing principle, not based on the language of the ADA, but instead as a component of the constitutional requirement that a federal court only may decide a case or controversy, rather than issuing advisory opinions. *See, e.g., Naiman v. New York Univ.*, No. 95 CIV 6469(LMM), 1997 WL 249970, at *4 (S.D.N.Y. May 13, 1997). To establish standing, a plaintiff has the burden of establishing three criteria: (1) that the plaintiff has suffered an "injury in fact," (2) that there must be a causal connection between the injury and the conduct of which the plaintiff complains, and (3) it must be likely, not merely speculative, that a favorable judicial determination will redress the injury. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). An injury in fact is the invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, rather than conjectural or hypothetical. *See id.* at 560, 112 S.Ct. 2130. "Particularized" means that the injury must affect the plaintiff in a personal and individual way. *See id.* at 560, 112 S.Ct. 2130 n. 1.

The brunt of Defendant's argument is that Plaintiff lacks standing because he allegedly suffered discrimination only once in the past, and that therefore there is no

actual or imminent threat of harm. Plaintiff, however, does not simply allege that he suffered one act of discrimination in the past. Rather, he also alleges that Defendant's discriminatory practice continues to exist. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 102, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983) ("past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief ... if unaccompanied by any continuing, present adverse effects.") (internal quotations omitted).

In *Steger v. Franco, Inc.*, 228 F.3d 889 (8th Cir.2000), the Eighth Circuit held that a plaintiff had standing, even though he had encountered discrimination only once. *See id.* at 893–94. One of the plaintiffs, a blind man, entered a building containing various businesses, government offices and restaurants. *See id.* at 891. After dining at a restaurant in the building, the plaintiff asked for and received directions to the nearest restroom, located in one of the building's public areas. *See id.* The plaintiff, however, could not find the men's room because it did not feature a sign with raised lettering or braille. *See id.* at 891–92. He never returned to that building, owned by the defendant. *See id.* at 892. Based on these circumstances, the court found that the blind plaintiff had suffered an injury in fact. *See id.* at 892–93. Moreover, the court held that because the building continued to present obstacles to blind persons, a judicial remedy would redress his injury, and that therefore he had standing. *See id.* at 893–94.

Additional case law indicates that a single past incident of discrimination can provide as grounds for a plaintiff's standing, as long as the lack of accommodation continues to exist. *See, e.g., Parr v. L & L*

*Drive–Inn Rest.*, 96 F.Supp.2d 1065, 1077–83 (D.Hawai'i 2000) (standing exists, even though plaintiff visited restaurant only once, because obstacles to disabled persons persist); *O'Brien v. Werner Bus Lines, Inc.*, Civ. A No. 94–6862, 1996 WL 82484, at *3–4 (E.D.Pa. Feb. 17, 1996) (blind plaintiff lacked standing against bus company that refused to allow him to bring seeing eye dog on board in part because defendant bus company issued public apology, gave plaintiff free bus tickets, and instituted policy to permit seeing eye dogs on buses).

In the present action, Plaintiff has alleged that Defendant once refused to sell him alcohol based on a disability and that Defendant has not altered its policies towards accommodating disabled persons trying to purchase alcohol.[1] Furthermore, Plaintiff alleges that he often visits Shop 'n Save stores, that he would like to purchase alcohol, but that based on the events of February 27, 1999 he has not tried to do so. Based on this situation, Plaintiff has suffered the invasion of a legally protected interest that is concrete, personal and individual to Plaintiff. Moreover, the facts alleged indicate that if Plaintiff attempted to purchase alcohol today, Defendant again would refuse to sell it to him based on his disability, and therefore the invasion of Plaintiff's rights is actual and imminent, not conjectural or hypothetical. In other words, by failing to revise its practices to accommodate Plaintiff's disability, Defendant continues to discriminate against Plaintiff based on his disability. Therefore, Plaintiff suffers from an injury in fact. Moreover, it is clear that there is a causal connection between the injury alleged and the conduct of which Plaintiff complained. Furthermore, a favorable ju-

---

1. Plaintiff's allegations lead to the reasonable inference that the Shop 'n Save manager acted in accord with Defendant's policies, which presumably are silent or indifferent to selling alcohol to disabled persons.

dicial decision would redress Plaintiff's claims; if the Court issued an injunction instructing Defendant to amend its policies to require its employees to sell alcoholic beverages to disabled persons, Plaintiff's injury would be remedied.

### 2. Maine Human Rights Act

Defendant's only argument in support of dismissing the MHRA claim is that if the Court dismisses the ADA claim, then the Court should decline to extend supplemental jurisdiction over the state law claim. Because the Court herein finds that Plaintiff can maintain his ADA claim, the Court will continue to exercise supplemental jurisdiction over the MHRA claim.

## III. CONCLUSION

Based on the foregoing, the Court DENIES Defendant's Motion to Dismiss and GRANTS Plaintiff's Motion to Amend the Complaint.

SO ORDERED.