Jarek MOLSKI, Plaintiff,

v.

Eugene L. FRANKLIN and Michelle R. Franklin, d/b/a Gene's Auto Service; Tosco Corporation; and Does 1–10, inclusive, Defendants.

No. CIV. 03CV1997 L (JFS).

United States District Court, S.D. California.

July 1, 2004.

Thomas Joseph Vandeveld, III, Law Offices of Amy B. Vandeveld, San Diego, CA, for Plaintiff.

Stephen Thomas Erb, Law Offices of Stephen Thomas Erb, San Diego, CA, for Defendants.

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO COMPEL [13–1] AND PLAINTIFF'S CROSS–MOTION FOR A PROTECTIVE ORDER [19–1]

STIVEN, United States Magistrate Judge.

## I. INTRODUCTION

On May 27, 2004, Defendants brought the instant motion against the Plaintiff. Plaintiff filed his opposition brief on June 9, 2004. In conjunction with the opposition, Plaintiff filed his own motion for a protective order relating to the subjects of Defendants' motion. Defendants filed a reply brief on June 18, 2004. The hearing on these matters was conducted on June 25, 2004.

The parties have been before this Court for an Early Neutral Evaluation and a Case Management Conference. They are next scheduled to appear for a Mandatory Settlement Conference on August 20, 2004.

## II. BACKGROUND

On October 8, 2003, Plaintiff Jarek Molski brought a complaint against Defendants for discrimination and violations of the Americans with Disabilities Act ("ADA") Accessibility Guidelines and/or California's Title 24 Building Code requirements. Plaintiff seeks an injunction under the ADA and monetary damages under state law. Plaintiff, who is confined to a wheelchair, claims to have visited Defendants' premises, a gas station, to utilize their goods and services. Plaintiff alleges that he was discriminated against because Defendants' facility was inaccessible to wheelchair users. Further, Plaintiff alleges he was denied full and equal access to other portions of the property, including but not limited to: inaccessible paths of travel, inaccessible parking, and inaccessible amenities, including the restroom. As Defendants have purportedly failed to make readily achievable modifications to provide disabled access, P contends he is entitled to relief.

Defendants bring the instant motion to compel discovery responses that Defendants claim will help to determine whether or not Plaintiff has standing to bring this lawsuit in federal court. Defendants contend that Plaintiff, in truth, is attempting to act as a private attorney general, purposely visiting establishments just to be denied access. Defendants assert this is not the basis for establishing a "case" or "controversy" for federal standing purposes. They argue that Plaintiff brings this lawsuit for damages and injunctive relief, without ever intending to return to the subject establishment. Thus, Defendants argue that Plaintiff does not have standing in federal court because the ADA only provides the private remedy of injunctive relief, which remedy is not available to Plaintiff here because he does not intend to return to the Defendants' establishment. To prove their argument, Defendants have requested the total sum of settlement monies Plaintiff has received in the past five years from similar lawsuits and file-stamped copies of all complaints Plaintiff has filed in federal or state court since January 1, 2002. Plaintiff has refused to provide this information. To compromise, Defendants offered to Plaintiff that they would only require copies of the

first few pages of the complaints filed by Plaintiff in the last year. This compromise was rejected by Plaintiff. Consequently, Defendants brought this motion.

## III. DISCUSSION

### A. STANDARD OF LAW

■ Federal Rule of Civil Procedure 26(b) allows a party to seek discovery for any relevant matter to a claim or defense of any party that is not privileged. The requested information does not have to be admissible at trial; however, the information must be reasonably calculated to lead to admissible evidence. Rule 33(a) allows a party to serve written interrogatories on any other party to an action. Rule 33(b)(5) allows the submitting party to move for an order from the court for any improper objection or failure to answer by the responding party. The party opposing the discovery, whether contention or fact interrogatories, has the burden to justify not responding to those interrogatories. *Cable & Computer Tech. v. Lockheed Saunders, Inc.,* 175 F.R.D. 646, 652 (C.D.Cal. 1997). Rule 34(a) allows a party to serve a request for production of documents on any other party to an action. Rule 34(b) also allows the requesting party to "move for an order under Rule 37(a) with respect to any objection to or other failure to respond to the request or any part thereof, or any failure to permit inspection as requested." Fed. R.Civ.P. 34(b). Rule 37(a)(2)(B) and Local Rule 26.1(b) require that the moving party provide a certificate of compliance for attempting to resolve the discovery dispute with the other party in good faith.[1]

### B. ANALYSIS

#### 1. Copies of the Complaints

Defendants' discovery request reads as follows:

Request for Production No. 6:

A file-stamped copy of each and every Complaint which Plaintiff Molski has field in any state or federal court within the last three (3) years in which he alleges that a particular place of public accommodation violated state and/or federal statutes, regulations, or guidelines governing accessibility by disabled persons at any time from January 1, 2002, through to the present. (Erb.Decl., Ex. B.)

Plaintiff responded to this request with general objections that the request was vague, ambiguous, overly broad, not relevant, and unduly burdensome. In addition, Plaintiff objected to this document request because the complaints are public record and Defendants can obtain them as easily as Plaintiff, who claims not to retain copies of complaints filed on his behalf.

Defendants argue that these objections are "boilerplate" and imply an unwillingness to respond. They contend that the number of cases, the geographic diversity of the business establishments sued by Plaintiff, the dates of the visits, and the aggregate financial benefit to the Plaintiff all are relevant to their defense that the Court has no federal subject matter jurisdiction because Plaintiff lacks standing, and the Court should decline to exercise supplemental jurisdiction over the state claims. Specifically, Defendants argue that Plaintiff can demonstrate only a "hypothetical or conjectural" threat of future imminent injury because of the remote likelihood that he will return to the 240 or so business premises that he has sued, let alone the 200 to 400 places he testified in his deposition that he intends to sue. Thus, Defendants state that Plaintiff has not met the standing requirement to be in federal court. *See Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) ("First, the plaintiff must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." (internal citations

---

1. Defendants submitted the certificate of compliance on May 27, 2004.

and quotation omitted)); *see also Pickern v. Holiday Quality Foods, Inc.,* 293 F.3d 1133, 1137 (9th Cir.2002) ("In the context of the ADA, we understand that to mean that [the Plaintiff] must himself suffer an injury as a result of the...store's noncompliance with the ADA.").

Defendants contend that if they can prove that Plaintiffs have no standing in federal court, then they can move to have the case dismissed, even if the claims would be valid in state court, *see Lee v. Am. Nat'l Ins. Co.,* 260 F.3d 997, 1001–02 (9th Cir.2001) ("So a plaintiff whose cause of action is perfectly viable in state court under state law may nonetheless be foreclosed from litigating the same cause of action in federal court, if he cannot demonstrate the requisite injury."), and they would seek sanctions under FRCP 11. Defendants further claim that the rest of Plaintiff's cases should probably be dismissed from the federal courts for the same reasons [2] and that even if this case had been brought in state court, the state court would have to determine whether there's an actual injury under California Civil Code Sections 52 and 54.3 (under which statutes Plaintiff also filed suit) and would find no injury.

Plaintiff opposes Defendants' Motion and seeks a protective order from the Court preventing the production of the documents and information that Defendants seek. First, Plaintiff argues that the request for the copies of the complaints is burdensome. Plaintiff alleges that the 200 + complaints filed on his behalf each consist of a minimum of ten pages each, with an estimate of 2,400 pages that would have to be produced. Plaintiff also argues that the complaints filed are a matter of public record and are accessible to the Defendants. Plaintiff contends that they are available either through an electronic service or directly from the courts. This method would avoid unduly burdening the Plaintiff. Accordingly, Plaintiff requests a protective order that prohibits Defendants from requiring Plaintiff to provide entire file-stamped copies of all complaints filed on his behalf.

■ More importantly, Plaintiff contends that his burden is not justified because the burden outweighs any relevance of the information contained in the complaints. Plaintiff alleges that he has made a sufficient showing that he has standing in this case such that the burdensome production of the complaints would be pointless. "[A] disabled individual who is currently deterred from patronizing a public accommodation due to a defendant's failure to comply with the ADA has suffered 'actual harm.' Similarly, a plaintiff who is threatened with harm in the future because of existing or imminently threatened non-compliance with the ADA suffers 'imminent harm.'" *Pickern,* 293 F.3d at 1138. Thus, as Plaintiff has proffered uncontroverted evidence of accessibility barriers at the subject premises, Plaintiff claims that he has suffered an injury in fact, the first standing requirement under *Lujan.* Also, Plaintiff argues that the second and third requirements for standing are met as he personally encountered architectural barriers to access, which an injunction would redress by requiring the removal of the barriers. *See id.* at 1137 (stating that the second and third elements of the Lujan standard are met in ADA cases when the defendant's non-compliance caused the injury and an injunction for compliance would redress it.)

■ Plaintiff has alleged that he could not access the Defendants' premises or use the restrooms because of non-compliance with the ADA and has testified in deposition that he will in the future continue to pass by the premises on trips to Mexico and would stop for services at the facility if it were wheelchair accessible. In the Ninth Circuit, a plaintiff has sufficient standing for an injunction against an imminent harm when he or she knows of the architectural barriers and alleges that he or she would return to the premises if they were accessible. *Id.* at 1138. Indeed, "a single past incident of discrimination can provide...grounds for a plaintiff's standing, as long as the lack of accommodation continues to exist." *Id.* (quoting *Dudley v. Hannaford Bros. Co.,* 146 F.Supp.2d 82, 86 (D.Me.2001)); *compare Parr v. L & L Drive–Inn Restaurant,* 96

**2.** The Court cannot address this argument as    these other cases are not before *this* Court.

F.Supp.2d 1065, 1080–81 (D.Haw.2000), *with Moreno v. G & M Oil Co.*, 88 F.Supp.2d 1116 (C.D.Cal.2000). Thus, Plaintiff has made at least a prima facie showing for standing under the Article III "case" or "controversy" requirement.[3]

■ In Defendants' Reply brief, they argue that only the first few pages of the complaints need to be produced, thus minimizing the burden on Plaintiff. They also offer to limit the production to complaints filed in the last year. While tacitly acknowledging that the factual inquiry relating to standing in this case is limited to whether Plaintiff can show a likelihood of future injury because the continuing presence of architectural barriers would dissuade Plaintiff from returning to *this* facility, Defendants contend that the other complaints are relevant for discovery purposes to determine whether Plaintiff actually visits or revisits *any* of the locations himself or sends someone else to visit. Defendants argue the complaints may also reveal whether Plaintiff creates his own denial of access by going out of his way to find non-compliant ADA facilities, and has no real interest in continuing patronage. Defendants state that the burden on them is greater as many of the complaints have been filed in the Central District of California, where the complaints are not available by electronic means and most of the files have closed, making the documents difficult to obtain and copy. Defendants argue that the burden would be much easier on Plaintiff or Plaintiff's attorneys to make the necessary copies.

The Court agrees that the information Defendant seeks is at least marginally relevant and seemingly less burdensome for the Plaintiff to produce. However, the relevancy is weakened by this Circuit's deference towards ADA plaintiffs in interpreting the Article III standing requirements. The Court finds that the relevance of this information is remote, but that Defendants have made a sufficient showing of relevance to their standing defense that a limited discovery response is warranted, and the burden on Plaintiff to produce will be limited. The Court will not rule on the admissibility at trial of this information at this time. Accordingly, The Court **GRANTS** Defendants' Motion to Compel a response to Request for Production Number 6. Plaintiff[4] is ordered to produce copies of excerpts of all complaints that have been filed in federal or state court in *California* since *January 1, 2003* on his behalf that allege violations of the Americans with Disabilities Act.[5] However, Plaintiff is only required to produce the pages of the complaint, starting with the first page and progressing up until the page that includes the information on the identity and location of the named defendant(s), facility(ies), and the date(s) of visits, and Defendants must reimburse Plaintiff for the reasonable cost of this production. Plaintiff must produce the documents to Defendants' counsel **no later than *July 16, 2004*.** Additionally, Plaintiff's cross-motion for a protective order is **DENIED** as to Request for Production of Documents Number 6.

### 2. Settlement Proceeds Information

■ Defendants' Interrogatory No. 7, propounded on Plaintiff, reads:

---

**3.** Nonetheless, Plaintiff also alleges that Defendants have or are still in the process of converting the gas station into an auto repair shop. Indeed, Defendants state in their Answer that the facility has been converted into an auto repair shop and a U-haul rental facility. Because an injunction is the only private remedy under the ADA, *Pickern v. Stanton's Rest. & Woodsman Room*, 2002 WL 143817, *2, 2002 U.S. Dist. LEXIS 1587, *7 (N.D.Cal.2002), Plaintiff may not have standing for an injunction under Title III of the ADA because the Court has no knowledge of whether the barriers Plaintiff encountered still exist after the conversion. This is a different basis for a lack of standing defense than Defendants argued in their motion. The Court, howev-

er, is not making any ruling at this time as to whether Plaintiff actually has standing in this case. This Order only rules that some limited discovery on that issue is permissible.

**4.** Plaintiff is responsible for producing copies of all complaints in either his or his attorneys' possession.

**5.** In the alternative to the production of copies of excerpts of the complaints, the Defendants may request from Plaintiff a verified statement from the Plaintiff that lays out the identity and locations of all business premises that he has sued and the dates of visits since January 1, 2003.

State the total sum of money Plaintiff Molski has received in settlements of lawsuits filed during the past five (5) years in which he alleged violations of state and/or federal law and regulations regarding the denial of accessibility of public accommodation(s) to mobility-impaired disabled individuals.

(Erb Decl., Ex. A.) Defendants claim that the financial information from prior settlements is relevant on the standing issue and to demonstrate that Plaintiff has not suffered any emotional distress from his visit to the Defendants' premises because Plaintiff has been benefiting from, not suffering from businesses that do not comply with the ADA.

Plaintiff responded to this interrogatory with general objections that the interrogatory was vague, ambiguous, overly broad, not relevant, and unduly burdensome. Plaintiff further objected to Interrogatory Number 7 as annoying and a tool to harass Plaintiff, serving to chill Plaintiff's exercise of his civil rights, *see, e.g., Rivera v. Nibco, Inc.*, 364 F.3d 1057, 1064 (9th Cir.2004) (upholding a protective order granted for plaintiffs to prevent a chilling effect that would happen on their rights if they revealed their immigration status), and violative of his right to financial privacy that is protected under Article 1, Section 1 of the California Constitution. *See Valley Bank of Nevada v. Super. Ct.*, 15 Cal.3d 652, 656, 125 Cal.Rptr. 553, 542 P.2d 977 (1975) (stating that the privacy protections of California Constitution, Article 1, Section 1 "extend[ ] to one's confidential financial affairs").

■ In addition, Plaintiff opposes the disclosure of the settlement amounts of cases filed on his behalf because Plaintiff contends that the amount of the settlements is not financial gain, but legally-based compensation for discrimination provided in California law. Plaintiff argues that the amount of a prior settlement award has no bearing on whether Plaintiff suffered discrimination at the Defendants' business premises in this

particular case. For standing purposes a disabled person "who is currently deterred from patronizing a public accommodation due to a defendant's failure to comply with the ADA has suffered 'actual harm.'" *Pickern,* 293 F.3d at 1138. Plaintiff asserts he is entitled to an award of statutory damages provided for in California Civil Code Section 52 for the Defendants' acts of discrimination. Nonetheless, at the June 25, 2004 hearing, Plaintiff's counsel stipulated on the record that Plaintiff was not seeking to recover an award of actual damages based on claims of emotional distress beyond the amounts provided for in the statute.

Accordingly, Plaintiff requests a protective order that prohibits Defendants from obtaining private, constitutionally-protected financial information regarding any or all of the settlement proceeds Plaintiff has recovered in other cases. This Court agrees with Plaintiff that Defendants' document request is not relevant.[6] Consequently, the Court **DENIES** Defendant's Motion to Compel concerning Interrogatory Number 7, and **GRANTS** Plaintiff's cross-motion for a protective order as to Interrogatory Number 7.

## IV. CONCLUSION

The Court **GRANTS IN PART** and **DENIES IN PART** Defendants' Motion to Compel and Plaintiff's cross-motion for protective order.

**IT IS SO ORDERED.**

---

6. Defendants may have a legitimate interest in the settlement information. However, they seek the information for the incorrect forum. Here, the information will not help establish any defense as Plaintiff has made a prima facie showing for an action under the ADA. The Court must look to the facts of this case to determine whether Plaintiff is entitled to any damages or an injunction. The better forum to address the issues raised in Defendants' motion would be the state legislature and/or Congress where changes in the applicable laws could be made, if necessary.