**Ronald WILSON, Plaintiffs,**

v.

**COSTCO WHOLESALE CORPORATION, et al., Defendants.**

**No. CIV.05CV1220–WQH(WMC).**

United States District Court, S.D. California.

March 29, 2006.

Scottlynn J. Hubbard IV, Steve Wedel, Mark Emmett, Law Offices of Lynn Hubbard III, Chico, CA, for Plaintiff.

Charles A. Valente, Margaret A. Lavanish, Krasnow Saunders Cornblath, LLP, Chicago, IL, John C. Edwards, Law Offices of John C. Edwards, La Jolla, CA, for Defendants.

## ORDER

HAYES, District Judge.

Pending before the Court is Plaintiff's Motion for Summary Judgment and Defendants' Motion for Summary Judgment. On Monday, March 6, 2006, the parties appeared for oral argument before the Honorable William Q. Hayes. After considering the arguments raised by the parties in their briefing and during oral argument, the Court now issues the following rulings.

## BACKGROUND

Plaintiff Ronald Wilson alleges that he suffers from multiple injuries and trauma to his legs, arms and spine as a result of multiple sports injuries, industrial related injuries, and motorcycle accidents. According to his Complaint, Mr. Wilson also

suffers from arthritis and gout, and requires the use of a walking device, wheelchair and mobility-equipped van when traveling in public. Mr. Wilson alleges that he visited the Chula Vista Costco (hereinafter "the Store") on December 26, 2004. Mr. Wilson claims that while shopping at the Store, he encountered several architectural barriers denying him full and equal enjoyment of the Store in violation of Title III of the Americans with Disabilities Act ("ADA").

In May of 2005, Plaintiff sent a letter to Defendant Costco complaining of unspecified barriers in the Store and demanding that they be removed. Counsel for Costco responded later that month, asking Wilson to specify exactly what barriers he encountered. Costco also offered to investigate and promptly remedy any area or element which was not in compliance with applicable accessibility requirements. Plaintiff did not reply to Costco's letter.

Mr. Wilson filed his Complaint on June 14, 2005 and attached several photographs as well as a "Preliminary Accessability Site Report" listing forty alleged violations of federal and state law. The attachment includes alleged barriers at the Store that are unrelated to Plaintiff's disability but were provided "as a courtesy to the defendants, so the defendants can avoid inadvertent acts of discrimination against the disabled." *See* Complaint at 3–4. Plaintiff does not specify which of the alleged violations denied him personally the full and equal enjoyment of the Store.

On October 24, 2005, Plaintiff filed for Summary Judgment on his claims. In his Motion, Plaintiff specifically addresses fourteen alleged barriers in the Store. Plaintiff wholly relies on his own declaration as evidence of the violations.[1] On February 3, 2006, Defendants filed a Cross–Motion for Summary Judgment based on Plaintiff's lack of standing to assert his claims.

## STANDARD OF REVIEW

Summary judgment is appropriate under Rule 56 of the Federal Rules of Civil Procedure where the moving party demonstrates the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. Fed.R.Civ.P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A fact is material when, under the governing substantive law, it could affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A dispute over a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

A party seeking summary judgment always bears the initial burden of establishing the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323, 106 S.Ct. 2548. The moving party may meet this burden in two ways: (1) by presenting evidence that negates an essential element of the nonmoving party's case or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *Id.* at 322–23, 106 S.Ct. 2548. If the moving party fails to discharge this initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).

---

1. During oral argument, with respect to whether a factual dispute exists, Plaintiff's Counsel suggested that the Court order the parties to pick an accessibility expert to measure and take pictures at the Store.

If the moving party satisfies its initial burden, the nonmoving party cannot defeat summary judgment merely by demonstrating "that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *see also Anderson*, 477 U.S. at 252, 106 S.Ct. 2505 ("The mere existence of a scintilla of evidence in support of the nonmoving party's position is not sufficient."). Rather, the nonmoving party must "go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324, 106 S.Ct. 2548 (quoting Fed.R.Civ.P. 56(c)) (internal quotations omitted).

In ruling on a motion for summary judgment, "[t]he district court may limit its review to the documents submitted for purposes of summary judgment and those parts of the record specifically referenced therein." *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1030 (9th Cir.2001). Therefore, the court is not obligated to "scour the record in search of a genuine issue of triable fact." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir.1996) (citing *Richards v. Combined Ins. Co.*, 55 F.3d 247, 251 (7th Cir.1995)). The court must view all inferences drawn from the underlying facts in the light most favorable to the nonmoving party. *Matsushita*, 475 U.S. at 587, 106 S.Ct. 1348. "Credibility determinations [and] the weighing of evidence ... are jury functions, not those of a judge, [when] he [or she] is ruling on a motion for summary judgment." *Anderson*, 477 U.S. at 255, 106 S.Ct. 2505.

■ When parties submit cross-motions for summary judgment on the same claim or issue, each motion must be considered on its own merits and analyzed under Rule 56. *See Fair Housing Council of Riverside County, Inc. v. Riverside Two*, 249 F.3d 1132, 1136 (9th Cir.2001). The court must consider the appropriate evidentiary material identified and submitted in support of both motions, and in opposition to both motions, before ruling on the motions. *Id.* That both parties assert that no genuine issues of material fact exist does not vitiate the court's responsibility to determine whether disputed issues of material fact are present. *Riverside Two*, 249 F.3d at 1132 (quoting *United States v. Fred A. Arnold, Inc.*, 573 F.2d 605, 606 (9th Cir.1978)).

## DISCUSSION

■ Title III of the ADA prohibits discrimination "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). Under the ADA, discrimination includes "a failure to remove architectural barriers" in existing facilities. 42 U.S.C. § 12182(b)(2)(A)(iv). The ADA only authorizes injunctive relief for disabled individuals who suffer prohibited discrimination, and does not permit the recovery of monetary damages by private individuals. *See* 42 U.S.C. § 12188(a)(2); *see also Pickern v. Holiday Quality Foods, Inc.*, 293 F.3d 1133, 1136 (9th Cir. 2002).

■ The party invoking federal jurisdiction bears the burden of establishing standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). To establish standing, Plaintiff must demonstrate (1) that he has suffered an injury in fact; (2) that the injury is traceable to the challenged action of the Defendant, and (3) that the injury can be redressed by a favorable decision.

*Id. at* 564, 112 S.Ct. 2130. As part of establishing standing, the Plaintiff must demonstrate that he has suffered or is threatened with a "concrete and particularized" legal harm, coupled with "a sufficient likelihood that [he] will again be wronged in a similar way[.]" *See Bird v. Lewis & Clark College,* 303 F.3d 1015, 1019 (9th Cir.2002)(*internal citations omitted*). By "particularized," the Court meant that the injury must affect the plaintiff in a personal and individual way. *See Lujan,* 504 U.S. at 560 n. 1, 112 S.Ct. 2130.

In the ADA context, in determining whether a plaintiff's likelihood of returning to a defendant's facility is sufficient to confer standing, courts have examined such factors as "(1) the proximity of the place of public accommodation to plaintiff's residence, (2) plaintiff's past patronage of defendant's business, (3) the definitiveness of plaintiff's plans to return, and (4) the plaintiff's frequency of travel near defendant." *Molski v. Arby's Huntington Beach,* 359 F.Supp.2d 938 (C.D.Cal.2005).

### I. The Definitiveness of Plaintiff's Plans to Return to the Store

In *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992), the United States Supreme Court considered whether the plaintiff had standing to seek injunctive relief. In *Lujan,* the plaintiff challenged several construction projects, under the Endangered Species Act which authorizes injunctive relief for a plaintiff who desires to use an area to observe endangered species but is harmed by the absence of such species. *Id.* at 563, 112 S.Ct. 2130. The plaintiff sought injunction against several projects, including one in Sri Lanks. However, the plaintiff did not have particular plans to return to Sri Lanka on any given date. The Supreme Court held that a plaintiff had no standing to seek injunctive relief where, although professing that she intended to return to Sri Lanks, she "had no current

plans" to do so. *Id.* at 564, 112 S.Ct. 2130. The Court stated:

> [T]he affiants' profession of an "intent" to return to the places they had visited before—where they will presumably, this time, be deprived of the opportunity to observe animals of the endangered species—is simply not enough. Such "some day" intentions—without any description of concrete plans, or indeed even any specification of when the some day will be—do not support a finding of the "actual or imminent" injury that our cases require.

*Id.*

Several lower courts have considered the standing issue in the context of an ADA plaintiff. In *D'lil v. Best Western Encina Lodge & Suites,* 2006 WL 197143 (C.D.Cal.2006), the Court examined the testimony and found that the Plaintiff had not made any statements about her intentions during the relevant time period, the time that the Complaint was filed. *Id.* at *5. The Court stated:

> Standing must exist at the time the action is filed. But Plaintiff provided no evidence that her injury was "actual or imminent," as opposed to "conjectural or speculative," *as of [the date of filing the Complaint].* Plaintiff cannot establish standing by showing *later* actions, or an intent to return to the facility or geographic area formed *after* the filing of her suit.

*Id. at* *5. While the court acknowledged the reluctance of courts to rely on speculative evidence, the court found that the time invested by the parties warranted some analysis of the factors articulated in *Molski v. Arby's Huntington Beach,* 359 F.Supp.2d 938 (C.D.Cal.2005). Thus, the court examined factors such as Plaintiff's proximity to the location and Plaintiff's intent as of the day of the deposition to resolve the standing issue. *See Id.*

Similar to the Plaintiff in *D'lil*, the Plaintiff here has not set forth any evidence regarding his intent to return to the Store as of the date that he filed suit. Thus, Plaintiff has clearly not established his intent as of the relevant time period. In addition, an examination of the testimony makes clear that Plaintiff cannot establish standing, even when considering the evidence of his intentions *as of the day of his deposition.* When asked about his future plans to visit the Chula Vista Costco, Mr. Wilson stated that he did not have any definite plans to go to the Chula Vista Costco on any particular day. *See* Deposition of Ronald Wilson at 97. Mr. Wilson stated that he "may or may not" stop at the Chula Vista Costco, depending on if he needed gas and/or if he needed dog food. *Id.* at 97–98. Mr. Wilson has, at best, professed a possible intent to "maybe" return to the Chula Vista Costco. Like the plaintiffs in both *Lujan* and *D'lil*, Plaintiff's professed intentions, coupled with his confession that he has no actual, particular plans, defeat his standing to sue. Plaintiff's lack of concrete plans, or indeed of any specification of when he will return to the Store, do not support a finding of an "actual or imminent" injury as required by law. *See Lujan*, 504 U.S. at 564, 112 S.Ct. 2130.

## II. The Proximity of the Place of Public Accommodation to Plaintiff's Residence

The proximity of the place of public accommodation to plaintiff's residence, or lack thereof, is also relevant to the standing issue. In *Pickern v. Holiday Quality Foods, Inc.*, 293 F.3d 1133 (9th Cir.2002), the plaintiff, a paraplegic who used a wheelchair, encountered architectural barriers at a market located near his grandmother's home. *Id.* at 1135–1136. The court considered the proximity factor and found that while the market was some 70 miles from his home, the plaintiff frequently visited the store when visiting his grandmother, and that he visited his grandmother often. *Id.* at 1135. Additionally, the plaintiff also established that he had a preference for the store as he asserted that he frequently visited a market owned by the same chain, located in his hometown. *Id.* The Court stated:

> [Plaintiff] has visited Holiday's Paradise store in the past and states that he has actual knowledge of the barriers to access at the store. [Plaintiff] also states that he prefers to shop at Holiday markets and that he would shop at the Paradise market if it were accessible. This is sufficient to establish actual or imminent injury for purposes of standing.

*Id.* at 1138.

In *Harris v. Del Taco*, the plaintiff indicated that he would return to the facility if the barriers were removed. The Court found that "under *Pickern*, an ADA plaintiff can demonstrate actual or imminent injury by establishing that he or she intends to return to the public accommodation if it is made accessible." *Harris v. Del Taco, Inc.*, 396 F.Supp.2d 1107, 1113 (D.Cal.2005). The court found that because the plaintiff lived some 500 miles away from the facility, and had visited it only once, he could not bring suit. The Court stated:

> It may be true that Mr. Harris, who lives in Cottonwood, frequently drives to visit his brother in San Diego. But Mr. Harris has presented no evidence that distinguishes Del Taco # 342 from any other fast-food restaurant located near the 1–5 between Cottonwood and San Diego. The mere fact that Mr. Harris frequently drives from Cottonwood to San Diego does not give Mr. Harris standing to sue every public accommodation located anywhere on that 650–mile stretch of the 1–5. Mr. Harris's assertions that he would stop at Del

Taco # 342 if he were hungry and that he would be more inclined to stop if the restaurant were accessible are too conjectural and hypothetical to satisfy the requirement that a plaintiff must demonstrate a threat of imminent future injury in order to obtain injunctive relief. *Harris v. Del Taco, Inc.,* 396 F.Supp.2d 1107, 1115 (D.Cal.2005).

Other courts have consistently found that the likelihood of future harm decreases as the distance between a plaintiff's residence and the facility increases. In *Molski v. Mandarin Touch Restaurant,* 385 F.Supp.2d 1042 (D.Cal.2005), the court stated:

> As the distance between the plaintiff's residence and the public accommodation increases, the likelihood of future harm decreases. When the distance between the two is significant, especially if it is in excess of 100 miles, courts have consistently held that it weighs against finding a reasonable likelihood of future harm. *E.g., Molski v. Levon Inv.,* No. C03–8437–SVW (C.D. Cal. filed August 24, 2005) (finding that "considerable distance" of 30 miles between Molski's residence and gas station weighed against Molski establishing a likelihood of future harm); *Delil v. El Torito Rest.,* No. C93–3900, 1997 WL 714866, at *3 (N.D.Cal.1997)(holding that a plaintiff failed to establish likelihood of future harm in part because she lived over 100 miles from restaurant); *Brother v. Tiger Partner, LLC,* 331 F.Supp.2d 1368, 1373 (M.D.Fla.2004)(finding plaintiff failed to establish likelihood of future harm in part because he lived 280 miles from hotel); *Hoepfl v. Barlow,* 906 F.Supp. 317, 320 (E.D.Va.1995)(finding plaintiff failed to establish likelihood of future harm where she had moved to a different state than defendant doctor). *Cf. Parr v. L & L Drive–In Rest.,* 96 F.Supp.2d 1065, 1079–80 (D.Haw.2000)(finding that, in a close case, factors including proximity of plaintiff's residence to defendant restaurant tipped scales in his favor).

*Molski v. Mandarin Touch Rest.,* 385 F.Supp.2d 1042 (D.Cal.2005).

It is clear from his deposition, the only evidence submitted, that Mr. Wilson lacks standing to assert his claim for injunctive relief. Mr. Wilson lives in Dixon, California, a location approximately 520 miles from the Chula Vista Costco. The record indicates that Mr. Wilson visited Costco once on December 26, 2004,[2] and possibly a second time.[3] While Plaintiff speculates about the possibility of returning to the facility, nothing in the record indicates that Plaintiff is likely to do so. Unlike the Plaintiff in *Pickern,* who set forth specific reasons why he would return to the store such as its location close to his grandmother's house and his preference for the chain, the Plaintiff here has not established that he prefers Costco, or that its location makes a future visit likely. The fact that Plaintiff lives some 500 miles from the location, and the absence of any specific plans to return on a particular date, indicates that Plaintiff lacks standing to bring this suit.

---

**2.** Plaintiff contends that he has visited the subject Costco on at least two occasions since the filing of this lawsuit. However, standing is determined as of the time of the filing of the complaint. *See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.,* 528 U.S. 167, 191, 120 S.Ct. 693, 709, 145 L.Ed.2d 610 (2000).

**3.** During oral argument, counsel raised the possibility that in addition to the December 26, 2004 visit, Plaintiff had visited Costco a second time, immediately before he wrote the letter in May 2005. However, Plaintiff does not indicate in his letter *when* he visited the store, and it is not clear if the letter is based on the December 26, 2004 visit, or another visit.

### III. Plaintiff's Past Patronage of Defendant's Business and the Plaintiff's Frequency of Travel Near Defendant

The Plaintiff has asserted that he has visited various Costcos in the past. *See* Plaintiff's Reply at 4. However, as noted above, nothing in the record indicates that Plaintiff prefers Costco, or that he prefers the Chula Vista Costco. In fact, the evidence tends to show that his patronage at the Chula Vista Costco is less than regular. As of the date the Complaint was filed, Plaintiff has visited Costco once or possibly twice.[4] Plaintiff also testified that he used to live in San Diego, and visits San Diego at least three or four times a year. *See* Deposition of Ronald Wilson at 111–112. Plaintiff further testified that he has "plans in traveling if the gods let me in the next forty days, as I usually do every year" and that he plans to go to San Diego on his birthday. *See* Deposition of Ronald Wilson at 93–94.

Assuming, arguendo, that Plaintiff has visited the Chula Vista Costco twice before, this patronage to the store does not indicate that he has standing to sue. Furthermore, the fact that Plaintiff travels to San Diego at least three or four times a year also cannot establish standing. Plaintiff has not set forth any concrete evidence establishing that he plans to visit the Chula Vista area, or the Costco in Chula Vista. Plaintiff's unspecified, "some day intentions" to return to San Diego in general do not weigh in favor of finding that Plaintiff has standing to bring this suit.

### IV. The Number of Lawsuits filed by the Plaintiff

Courts disagree as to whether the litigation history of the Plaintiff is relevant when considering whether a plaintiff has standing. In *Molski v. Arby's Huntington Beach,* 359 F.Supp.2d 938, the Court found that the filing of hundreds of lawsuits was not relevant to the standing determination, but specified that it found that it was not relevant *at the initial pleading stage.* *Id.* at 948. The Court stated:

> While the filing of hundreds of lawsuits may impact Mr. Molski's credibility and the believability of his assertions that he intends to and will return to Arby's, this is not an issue to be evaluated *at the pleading stage.*

*Molski v. Arby's Huntington Beach,* 359 F.Supp.2d 938, 948 (D.Cal.2005) (*internal citations omitted*)(*emphasis added*).

In *Steven Brother v. Tiger Partner, LLC,* 331 F.Supp.2d 1368 (M.D.Fla.2004), the court considered the fact that plaintiff had filed over 50 lawsuits when making its standing determination. *Id.* at 1375. The court stated, "Mr. Brother has professed an intent to return to all fifty-four of the properties he has sued. This is simply implausible." *Id.* Similarly, in *Molski v. Mandarin Touch Restaurant,* 385 F.Supp.2d 1042, (C.D.Cal.2005), the Court found that "Mr. Molski's litigation history undercuts his credibility and belies an intent to return to the Mandarin Touch, As a result, Mr. Molski's professed intent to return to the Mandarin Touch is insufficient to establish standing." *Id.* Additionally, in *D'lil v. Best Western Encina Lodge*

---

**4.** Defendants dispute whether Plaintiff shopped at the Chula Vista Costco on December 26, 2004 at all. Defendants have set forth records which indicate that Plaintiff shopped at the *San Marcos* Costco on that date. *See* Affidavit if Nina Barson at 2. Plaintiff argues that this establishes, at the very least, that he shopped at both the Chula Vista Costco and the San Marcos Costco on December 26, 2004. *See* Plaintiff's Reply at 9. While it is curious why Plaintiff would visit two Costco stores in one day, the Court need not resolve the curiosity here. It is undisputed that Plaintiff visited the Store in question no more than twice during the relevant time period.

*and Suites, et al.,* 2006 WL 197143 (C.D.Cal.2006) the court found that the number of lawsuits filed by the Plaintiff can be relevant when determining Plaintiff's intent to return to the facility. The court stated:

> When asked if she was involved in 62 prior lawsuits, Plaintiff replied, "I think so." In short, it appears Plaintiff declares that she intends to return to nearly every place she sues (as indeed she must in order to establish standing in federal court). While some of these allegations may have initially been accepted in other cases without question, even at the trial stage, as more suits are filed and more—and contradictory—allegations are made, credibility concerns increase.

*D'lil v. Best Western Encina Lodge & Suites,* 2006 WL 197143,(C.D.Cal.2006) (*internal citations omitted* ).

Defendants have set forth evidence which indicates that plaintiff has filed over eighty (80) lawsuits throughout California. *See* Defendants' Opposition at 6. The Court finds this factor relevant, but not outcome determinative. Even if this was Plaintiff's only pending case, the Court would find that Plaintiff lacks standing based on his testimony. However, the Court also finds that Plaintiff's litigation history is yet another factor which indicates that Plaintiff lacks intent to return to this specific facility.

## V. Plaintiff's Failure to Respond to Defendant's Letter Requesting Specifies

In addition, Plaintiff's failure to reply to Defendants inquiry about the specific barriers encountered at the Store further shows Plaintiff's lack of intent to return to the Store if made accessible. A review of the letter sent by Plaintiff to Costco indicates that Plaintiff gave Costco very general information regarding alleged barriers in the Store. *See* Declaration of Ronald Wilson Exhibit A. When Costco asked for more specific information about the barriers, and professed an intent to investigate and remedy them if they existed, Plaintiff did not respond. This too cuts against a finding that Plaintiff intended to return to the Store at the time the Complaint was filed.

## VI. Conclusion on Count I of Plaintiff's Complaint

Plaintiff has failed to meet his burden to show that he has standing to bring claims under Title III of the Americans with Disabilities Act as set forth in Count I of his Complaint. Plaintiff did not set forth any evidence regarding his intent to return to the Store *as of the date the Complaint was filed.* Nor did Plaintiff set forth any evidence establishing intent to return to the store at any particular date in the future *as of the date of his deposition.* The vast distance between the Plaintiff's residence and the facility, the lack of a past patronage at the Store, the litigation history of the Plaintiff, Plaintiff's failure to reply to Defendants letter requesting specific information about the barriers he encountered at the facility, and the lack of any other evidence indicating that Plaintiff will return to the Chula Vista Costco in particular, each weigh in favor of finding that Plaintiff lacks standing to bring suit. Accordingly, the Court will grant Summary Judgment in favor of Defendants and dismiss Count I of Plaintiff's Complaint.

## VII. Plaintiff's Remaining State Law Claims

 Plaintiff has also filed claims under the California Disabled Persons Act and California's Unruh Civil Rights Act. Jurisdiction for these claims are predicated on the Court exercising supplemental jurisdiction pursuant to 28 U.S.C. § 1367. The statute provides, in pertinent part:

> (a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil

**1124**

action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

(c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367 (*emphasis added*). Because the Court has dismissed all claims over which it has original jurisdiction in this matter, the Court will decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims.

### CONCLUSION & ORDER

Plaintiff has not met his burden to establish standing in this matter. Accordingly, the Court will grant Defendants Motion for Summary Judgment in this matter and deny Plaintiff's Motion for Summary Judgment as moot. Additionally, because the Court has granted Summary Judgment in favor of Defendants on Plaintiff's only federal claim, the Court declines to exercise jurisdiction over Plaintiff's remaining state law claims,

Accordingly,

**IT IS ORDERED** Defendants' Motion for Summary Judgment on Count I of Plaintiff's Complaint is **GRANTED**.

**IT IS FURTHER ORDERED** the Court **DISMISSES** Plaintiff's remaining state law claims for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** Plaintiff's Motion for Summary Judgment is **DENIED** as moot.

**IT IS SO ORDERED.**