David BODLEY, Plaintiff,

v.

**PLAZA MANAGEMENT CORP., d/b/a Scottsdale Plaza Resort, LLC, Defendant.**

**No. CV 07–974–PHX–ROS.**

United States District Court, D. Arizona.

Feb. 20, 2008.

David J. Don, Law Offices of David J. Don PLLC, Phoenix, AZ, for Plaintiff.

Robert Grasso, Jr., Kim Seibert Alvarado, Grasso Law Firm P.C., Tempe, AZ, for Defendant.

## ORDER

ROSLYN O. SILVER, District Judge.

Before the Court is Defendant Scottsdale Plaza Resort, LLC[1] (the "Resort")'s motion for summary judgment. For the reasons stated herein, this motion will be granted.

## BACKGROUND

Plaintiff David Bodley, a resident of Mesa, Arizona, has ankylotic spondylosis and sclerotic arthritis, and has been unable to walk since December 25, 1978. (PSOF ¶ 4; DSOF ¶ 5). On May 10, 2007, Bodley took a bus to Scottsdale, Arizona to look for a location for his daughter's wedding reception. (DSOF ¶ 6). His daughter is getting married on June 8, 2008. (PSOF ¶ 5).

Bodley initially visited the Doubletree Paradise Valley Resort ("Doubletree"), located at 5401 N. Scottsdale Road, where he spent 15–20 minutes. (*Id.* ¶¶ 10, 11). Bodley used the restroom and bought a bottle of iced tea in the gift shop. (*Id.*

---

1. Scottsdale Plaza Resort, LLC was improperly named as Plaza Management Corp.

¶ 12). He did not look at the reception rooms, speak to an employee in the catering or banquet departments, or obtain any written materials. (*Id.* ¶ 13). Bodley subsequently filed suit against Doubletree related to this visit. (*Id.* ¶ 14).

Bodley next drove his wheelchair two miles north to the Resort, located at 7200 N. Scottsdale Road. (*Id.* ¶ 15). He had never been there before, but his mother had suggested it as a possible venue for the wedding reception. (*Id.* ¶ 7, 16; PSOF ¶ 8). Because of its slant, in order to ascend the ramp from the parking lot to the Resort's sidewalk, Bodley had to lower the seat on his wheelchair and put his right foot down. (DSOF ¶¶ 17, 19; PSOF ¶ 10). The ramp was next to the handicap-designated parking, which Bodley noticed was not marked for van accessibility. (DSOF ¶¶ 17, 20).

Upon entering the Resort's lobby, Bodley went to two restrooms. (DSOF ¶¶ 17, 20). In the first, the toilet in the wide stall was not flushed, so he did not use it. (DSOF ¶¶ 24–27). Bodley, however, noticed that the stall did not have a back bar. (DSOF, Ex. B at 54:17–23). In the second, although he was able to transfer from his wheelchair to the toilet in the wide stall, Bodley stated that he did not think there was a back bar in that stall either. (*Id.* at 62:19–22).

Bodley next went to the gift shop to buy milk, but did not find any, so he bought a little trinket as a stocking stuffer for his grandson. (DSOF ¶¶ 30, 31). He kept the receipt showing a purchase price of $4.99. (*Id.* ¶ 31).

He then went back to the parking lot, drove his wheelchair around the parking lot, and left the property. (*Id.* ¶ 32). He believes that he went to one other property located on Scottsdale Road before returning to Mesa, Arizona. (*Id.* ¶ 33).

Bodley was at the Resort for a total of 15–25 minutes. (*Id.* ¶ 34). He did not look at the reception rooms, speak to an employee in the catering or banquet departments, or obtain any written materials. (*Id.* ¶ 35).

On May 14, 2007, Bodley filed the instant action against the Resort, alleging discrimination on the basis of his physical disability and seeking injunctive and monetary relief pursuant to the American with Disabilities Act ("ADA"), 42 U.S.C. § 12181, *et seq.,* and the Arizonans with Disabilities ("AzDA"), A.R.S. § 41–1492, *et seq.* (Doc. 1). He is the plaintiff in six other ADA-based lawsuits: *Bodley v. Public Storage Rental Spaces, Inc.,* No. 2:07–cv–664–PHX–FJM (D.Ariz. Sept. 14, 2007) (dismissed without prejudice for lack of prosecution); *Bodley v. Macayo's Restaurants, L.L.C.,* No. 2:07–cv–876–PHX–DGC (D. Ariz. filed Apr. 26, 2007) *Bodley v. Blockbuster, Inc.,* No. 2:07–cv–880–PHX–FJM (D. Ariz, filed Apr. 27, 2007); *Bodley v. Procaccianti, AZ, LP,* No. 2:07–cv–994–PHX–SRB (D. Ariz, filed May 16, 2007): *Bodley v. Pillar at Pecos Springs LLC,* No. 2:07–cv–1434–PHX–FJM (D.Ariz. Jan. 10, 2008) (dismissed with prejudice by stipulation); *Bodley v. Public Storage, Inc.,* No. 2:07–cv–1987–PHX–EHC (D. Ariz. filed Oct. 16, 2007). (DSOF ¶ 43).

During his deposition, Bodley testified that it is possible that he would schedule an annual meeting at the Resort for Beld, Inc. ("Beld"), which is a family-owned real estate investment firm for which he is the President and CEO. (*Id.* ¶ 46; PSOF ¶ 2). His wife, two adult children, and mother are the other principles. (DSOF ¶ 47). This annual meeting, which is also a family vacation, is held at resort hotels like the Resort. (*Id.* ¶ 48). Within the past three years, Bodley has not scheduled this annual meeting/family vacation at a hotel in Arizona. (DSOF ¶ 49). And he has not checked on the Resort's availability, pricing, or layout for a meeting/vacation. (*Id.*

¶ 50). He did testify, however, that he would look into holding the 2008 meeting at the Resort if it became ADA compliant. (DSOF, Ex. B at 80:10–13; PSOF ¶ 24).

## LEGAL STANDARD

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).[2]

On a summary judgment motion, the Court may not make credibility determinations or weigh conflicting evidence with respect to a disputed material fact. *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir.2007). Rather, "the non-moving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor." *Miller v. Glenn Miller Prods., Inc.*, 454 F.3d 975, 988 (9th Cir.2006). Nevertheless, "[a] conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact." *Nilsson v. City of Mesa*, 503 F.3d 947, 952 n. 2 (9th Cir.2007) (quoting *Fed. Trade Comm'n v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997)).

## ANALYSIS

The Resort challenges Bodley's Article III standing to bring the current action. Article III of the Constitution limits the judicial power of the federal courts to the resolution of "cases" or "controversies." U.S. Const. art. III, § 2, cl. 1; *Daimler-Chrysler Corp. v. Cuno*, 547 U.S. 332, 126 S.Ct. 1854, 1860–61, 164 L.Ed.2d 589 (2006). An essential part of the case-or-controversy requirement is that plaintiffs must have standing to sue. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992); *Skaff v. Meridien North America Beverly Hills, LLC*, 506 F.3d 832, 837 (9th Cir.2007).

To establish standing, Bodley must demonstrate: (1) he has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent; (2) a causal connection between his injury and the conduct complained of; and (3) it is likely that his injury will be redressed by a favorable decision by the Court. *Lujan*, 504 U.S. at 560–61, 112 S.Ct. 2130; *Skaff*, 506 F.3d at 837. "To meet this burden at the summary judgment stage, [Bodley] 'must set forth by affidavit or other evidence specific facts supporting each element.'" *S.D. Myers, Inc. v. City and County of San Francisco*, 253 F.3d 461, 474 (9th Cir. 2001).

As is the case in many ADA cases, the second and third elements are not at issue. *See Pickern*, 293 F.3d at 1137. The Resort's non-compliance with Title III of the ADA has caused Bodley's injury, and an injunction requiring the Resort to comply with the ADA would redress this injury.[3]

2. Effective December 1, 2007, Federal Rules of Civil Procedure Rule 56(c) was amended. Because the change was stylistic only, the Court interprets the new rule by applying precedent for the prior version of Rule 56(c). See Rule 56 Advisory Committee Notes, 2007 Amendments ("The language of Rule 56 has been amended as part of the general restyling of the Civil Rules to make them more easily understood and to make style and terminology consistent throughout the rules. These changes are intended to be stylistic only.").

3. Title III of the ADA prohibits discrimination against persons with disabilities in places of public accommodation. 42 U.S.C. § 12182(a). The ADA defines discrimination to include "the failure to remove architectural barriers" in existing facilities where such removal is "readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv). Bodley seeks an injunction compelling the Resort to comply with ADA access requirements. 42 U.S.C. § 12188(a)(2).

*Id.* The Court, therefore, need only address the "injury-in-fact" element.

▮ To show that he has suffered "an injury in fact." Bodley must demonstrate that he is "likely to return to patronize the accommodation in question." *Harris v. Stonecrest Care Auto Center, LLC,* 472 F.Supp.2d 1208, 1216 (S.D.Cal.2007). In evaluating the likelihood of return, courts consider: (1) the proximity of the place of public accommodation to the plaintiff's residence;[4] (2) the plaintiff's past patronage of defendant's business; (3) the definitiveness of the plaintiff's plans to return, and (4) the plaintiff's frequency of travel near the accommodation in question. *See, e.g., id.; Harris v. Del Taco, Inc.,* 396 F.Supp.2d 1107, 1113(C.D.Cal.2005).[5]

Construed in the light most favorable to Bodley, the facts he alleges are not sufficient to establish standing. First, Bodley has never stayed at the Resort; he only visited the Resort once for about 15–25 minutes. While a single visit does not preclude a finding of standing, *see Parr v. L & L Drive–Inn Restaurant,* 96 F.Supp.2d 1065, 1071 (D.Haw.2000), "the lack of a history of past patronage seems to negate the possibility of future injury at that particular location." *Molski v. Kahn Winery,* 405 F.Supp.2d 1160, 1164 (C.D.Cal.2005) (internal quotations omitted).

Moreover, cases where courts found standing on the basis of one or two visits generally involved establishments that were part of a chain of similar establishments that the plaintiff frequented. *See Pickern,* 293 F.3d at 1138 (two visits, but defendant grocery store was part of a chain at which plaintiff regularly shopped); *Parr,* 96 F.Supp.2d at 1071 (single visit, but the restaurant in question was part of a chain at which plaintiff frequently ate). In contrast to these cases, the Resort is not part of a hotel chain. *Molski v. Mandarin Touch Restaurant,* 385 F.Supp.2d 1042, 1046 (C.D.Cal.2005) (holding that, because defendant restaurant was not a chain, a single visit weighed negatively under the past-patronage prong).

Second and importantly, Bodley's plans to return are not definite.[6] Bodley stated in his deposition that, if the Resort became ADA compliant, he would *look into* holding Beld's annual meeting at the Resort. (DSOF, Ex. B at 80:10–13; PSOF ¶ 24). And in his statement of facts in support of his opposition to the motion for summary judgment, Bodley attached a declaration that stated, if the Resort became ADA complaint, he would "return to the facility in September 2008 to *see whether it is a suitable location* for our annual meeting." (PSOF, Ex. 1 at 2) (emphasis added). In addition, he has not checked on the Resort's availability, pricing, or layout for a

---

**4.** The proximity factor is not applicable in the hotel context. *See D'lil v. Best Western Encina Lodge & Suites,* 415 F.Supp.2d 1048, 1056 (C.D.Cal.2006); *Access 4 All, Inc. v. Wintergreen Commercial P'ship,* No.Civ.A.3:05–CV–1307–G, 2005 WL 2989307, at *4 (N.D.Tex. Nov.7, 2005).

**5.** The Resort also asks the Court to consider Bodley's litigation history. While courts have held that litigation history is relevant in determining standing, *see, e.g., Molski v. Kahn Winery,* 405 F.Supp.2d 1160, 1164–68 (C.D.Cal. 2005), they disagree about whether such information can properly be considered at the

summary judgment stage. *Compare Wilson v. Costco Wholesale Corp.,* 426 F.Supp.2d 1115, 1123 (S.D.Cal.2006) (litigation history properly considered at summary judgment), *with Molski v. Arby's Huntington Beach,* 359 F.Supp.2d 938, 948 (C.D.Cal.2005) (litigation history goes credibility, which is not to be considered at this time). Because the Court would find that Bodley lacks standing even if this was his only ADA case, it need not address this issue.

**6.** To the extent that Bodley asserts that the "definitiveness of plaintiff's plans to return" is not relevant, he is wrong.

meeting/vacation. "Such 'some day' intentions" and conditional intentions are not sufficient to confer standing. *Lujan*, 504 U.S. at 564, 112 S.Ct. 2130 ("[T]he affiants' profession of an 'intent' to return to the places they had visited before ... is simply not enough.").

Third and finally, while Bodley may frequently travel to Scottsdale for business, medical care, food, or to visit his mother, he has never scheduled Beld's annual meeting/family vacation in Arizona. Therefore, for the purpose of his alleged return to the Resort—Beld's annual meeting/family vacation—he has not traveled near the Resort.

In sum, Bodley has not sustained his burden of establishing "injury in fact" necessary for a finding of standing. Therefore, the Court will grant summary judgment in favor of the Resort.

Accordingly,

**IT IS ORDERED** that the Motion (Doc. 25) is **GRANTED.**

**IT IS FURTHER ORDERED** that this case shall be terminated.