**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1635
_____

JEANETTE BROWN,

Appellant

v.

MT. FUJI JAPANESE RESTAURANT; MAGGIOS PIZZA AND PASTA;
HELLO GORGEOUS SALON
_____

On Appeal from the United States District Court
for the District of New Jersey
(No. 1-08-cv-06143)
District Judge: Hon. Joseph H. Rodriguez
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
July 7, 2015

Before: FUENTES, SLOVITER, and ROTH, *Circuit Judges*

(Filed: August 31, 2015)
_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

FUENTES, *Circuit Judge*:

In October 2008, Jeannette Brown, who suffers from various disabilities, visited the Hello Gorgeous Salon. Brown alleges that one of the bathrooms at the salon was not in compliance with the Americans with Disabilities Act (the "Act"), 42 U.S.C. § 12101 *et seq*. Specifically, the bathroom did not have a proper sign; the door knob was round rather than at a right angle; the toilet seat did not have grab bars; and there were no emergency lights. Brown sued Hello Gorgeous Salon for violations of the Act and New Jersey law. The District Court granted summary judgment in favor of Hello Gorgeous Salon, holding that Brown lacked standing.[1]

Title III of the Act creates a private right of action for persons subjected to disability discrimination.[2] Besides attorney's fees, the only remedy available to a private litigant is injunctive relief.[3] To establish Article III standing to seek an injunction, a plaintiff must demonstrate a "real or immediate threat that the plaintiff will be wronged again—a likelihood of substantial and immediate irreparable injury."[4] A plaintiff's intention to return to the place she visited "some day"—"without any description of concrete plans"—is insufficient.[5] Courts have looked to the following four factors to determine whether a plaintiff has demonstrated the requisite likelihood of future injury:

---

[1] The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1367, and we have jurisdiction under 28 U.S.C. § 1291.
[2] 42 U.S.C. § 12188(a).
[3] *Id.*
[4] *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983) (internal quotation marks omitted).

(1) the proximity of the defendant's business to plaintiff's residence; (2) plaintiff's past patronage of defendant's business; (3) the definitiveness of plaintiff's plans to return; and (4) plaintiff's frequency of travel near the defendant's business.[6] We agree with the District Court that Brown has not established a likelihood of future injury and, therefore, does not have standing. Factors two and three support this conclusion.

As to the second factor, Brown's October 2008 visit to the Hello Gorgeous Salon was her first time there. Courts have found that, "[w]hile a single visit does not preclude a finding of standing, the lack of a history of past patronage seems to negate the possibility of future injury at that particular location."[7]

With respect to the third factor, Brown has not demonstrated any concrete plan to return to the salon. Brown points out that in the years since her first visit, she has, in fact, gone to the salon twice. But these post-complaint trips do not help her because standing is assessed at the time she filed the complaint.[8] In any case, even if we took these two visits into account, Brown has not put forward any evidence establishing that the bathroom continued to be in violation of the Act. Moreover, Brown argues generally that she would like to return once the barriers are removed. We find this argument tantamount

---

[5] *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 564 (1992).

[6] *See, e.g.*, *Access 4 All, Inc. v. Boardwalk Regency Corp.*, Nos. 08-3817, 08-4679, 2010 WL 4860565, at *4 (D.N.J. Nov. 23, 2010); *Dempsey v. Pistol Pete's Beef N Beer, LLC*, No. 08-5454, 2009 WL 3584597, at *4 (D.N.J. Oct. 26, 2009); *Cottrell v. Zagami, LLC*, No. 08-3340, 2009 WL 1416044, at *3 n.3 (D.N.J. May 20, 2009).

[7] *Boardwalk Regency*, 2010 WL 4860565, at *5 (quoting *Bodley v. Plaza Mgmt. Corp.*, 550 F. Supp. 2d 1085, 1088 (D. Ariz. 2008)).

[8] *See id.* at *8.

3

to saying she plans to return "some day"—an argument the Supreme Court has found insufficient to support standing.[9]  Finally, Brown maintains that the Act does not require a disabled person to engage in the "futile gesture" of returning to a building with known barriers.[10]  However, she must at least show that Hello Gorgeous Salon has no intention of remedying the barriers and that she would visit the salon in the imminent future but for those barriers.[11]  Brown has made no such showing.[12]

For these reasons, we affirm the District Court's order.

---

[9] *Defenders of Wildlife*, 504 U.S. at 564.
[10] 42 U.S.C. § 12188(a)(1).
[11] *See Steger v. Franco, Inc.*, 228 F.3d 889, 892-93 (8th Cir. 2000).
[12] We have considered Brown's remaining arguments and find them without merit.